**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYLMINA HETTINGA, | ) Case No. CV 20-0430-PA (JPR) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING COMPLAINT |
| v. | ) |
| | ) |
| EDDIE GARCIA et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

On January 15, 2020, Plaintiff filed pro se a civil-rights complaint under 42 U.S.C. § 1983, paying the filing fee. She sues a Santa Clara County superior-court judge, the San Jose police chief, the chief justice of the California Supreme Court, the County of Santa Clara, a clerk of that county's superior court, and her daughter, Theresa Loumena. (Compl. at 4-8.) Only the last-named Defendant resides in this District (see id. at 6 ¶ 8), and all of the events alleged in the Complaint took place outside this District (see generally id. at 9-37). The claims relate to Plaintiff's myriad divorce and custody proceedings in Santa Clara County. This is not her first complaint in this District stemming from those proceedings, however. See, e.g.,

Max Loumena et al. v. Tani Cantil-Sakauye et al., No. CV 16-2032-PA (JPR) (C.D. Cal. filed Mar. 24, 2016). She has been declared a vexatious litigant in both Santa Clara County and the Northern District of California, in which Santa Clara County lies, see 28 U.S.C. § 84(a), preventing her from filing new lawsuits in those courts except under limited circumstances. See R. & R. at 5, Loumena (Aug. 30, 2016), ECF No. 26.

Because Plaintiff paid the filing fee and is not a prisoner, the Complaint is not subject to preservice screening under 28 U.S.C. §§ 1915(e)(2) or 1915A. The Court may, however, sua sponte dismiss a frivolous, patently insubstantial complaint under Federal Rule of Civil Procedure 12(b)(1). See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) (courts lack subject-matter jurisdiction to consider "patently insubstantial" complaints); Hagans v. Lavine, 415 U.S. 528, 537-38 (1974) (federal claim so insubstantial as to be patently without merit cannot serve as basis for federal jurisdiction). A frivolous complaint is one that "lacks an arguable basis in either law or in fact." Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (citing Neitzke, 490 U.S. at 325).

Plaintiff's divorce and child custody-related claims for the most part have no business in federal court. See generally Minasyan v. Gonzales, 401 F.3d 1069, 1077 (9th Cir. 1992) (noting that federal courts' "deference to state law" in areas of divorce and domestic relations is "[s]o strong" (citation omitted)). Moreover, she has already been told that judicial officers and court employees are generally immune from suit for actions taken in their official capacity, as are those complained of here;

indeed, this Court previously dismissed her similar claims. See generally R. & R., Loumena, ECF No. 26.

This lawsuit must be summarily dismissed because, at a minimum, the claim asserted against Plaintiff's daughter fails to state a claim upon which relief can be granted and venue is improper against the remaining defendants. Specifically, although Plaintiff purports to sue her daughter, which would make venue in this District proper under 28 U.S.C. § 1391(b)(1), she seeks no relief from her (see Compl. at 37-38) and nowhere alleges that she did anything wrong. Indeed, in complaining about an order the Santa Clara County superior-court judge Defendant issued in favor of her Defendant daughter, she states that her daughter "had not signed or filed any paperwork to collect this judgment against me whatsoever, or appeared in any manner whatsoever" (id. at 18 ¶ 69); rather, it was her former husband who initiated that proceeding (id. ¶ 67; see also id. ¶ 70 (alleging that "[i]t is seemingly self-evident that a judgment . . . may not be entered in favor of one who has made no effort, whatsoever, to obtain it")). It is thus clear that the only reason Plaintiff has sued her daughter is to give this Court venue because, as a vexatious litigant, she can no longer sue where the events of which she complains took place without satisfying the pre-filing restrictions imposed upon her by California's state courts and the United States District Court for the Northern District of California.

Importantly, to the extent Plaintiff purports to state a federal civil rights claim pursuant to 42 U.S.C. § 1983 against her daughter for allegedly colluding with a judge of the

3

California Superior Court by "sitting in the audience watching him award her" a judgment, that conclusory allegation fails to state a claim upon which relief can be granted because that allegation falls far short of alleging that Plaintiff's daughter is a state actor. To state a § 1983 claim, a plaintiff must satisfactorily allege that the defendant violated the plaintiff's federal civil rights and "acted under color of state law." Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). For purposes of § 1983 claims alleging violations of the Fourteenth Amendment, courts treat the Fourteenth Amendment's "state action" requirement and § 1983's "color of law" requirement as "equivalent." Id. at 1148. "Under § 1983, a claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (quoting Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980)). "[A] bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege 'facts tending to show that [the private party] acted 'under color of state law or authority.'" Id. (quoting Sykes v. State of Cal., 497 F.2d 197, 202 (9th Cir. 1974)); see also Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).

Because it is clear that Plaintiff has included a frivolous claim against her daughter in an effort to support venue in a court that has not yet imposed pre-filing restrictions on Plaintiff's efforts to re-litigate her divorce and child custody

4

proceedings, and Plaintiff's conclusory allegations against her daughter otherwise fail to allege that her daughter is a state actor, the Court concludes that providing Plaintiff with leave to amend to cure this deficiency would be futile. See Flowers v. First Hawaiian Bank, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment . . . A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."). The Court therefore dismisses Plaintiff's claim against her daughter without leave to amend and with prejudice.

Even without the dismissal of the claim against Plaintiff's daughter, the Court would nevertheless conclude that Plaintiff's daughter is a "sham" Defendant and that the daughter's residence within this District must be disregarded for purposes of deciding venue. McDaniel v. United States, No. 18-cv-06785-JCS, 2018 WL 6617965, at *2-3 (N.D. Cal. Nov. 16, 2018); see Ervin v. Jud. Council, No. C 06-7479 CW., 2007 WL 1489255, at *2-3 (N.D. Cal. May 18, 2007). Moreover, as a result of the dismissal of the claim asserted against Plaintiff's daughter, the only remaining claims are alleged against defendants arising out of their connections with litigation in Northern California. Indeed, either as a result of the dismissal of the claim against Plaintiff's daughter, or because the daughter is a sham defendant, no venue lies here. See § 1391(b) (venue lies where "any defendant resides" if all defendants are in one state or

where "a substantial part of the events" giving rise to lawsuit took place).

For all these reasons, the Court ORDERS that Plaintiff's claim against Theresa Loumena is dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6) and that the remaining defendants and this action are dismissed without prejudice under Rule 12(b)(1) for improper venue.[1] Plaintiff is warned that if she continues to file lawsuits in this jurisdiction that do not belong here, this Court may declare her a vexatious litigant as well.

DATED: February 5, 2020

                              PERCY ANDERSON
                              UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff appears to have filed this action to circumvent the Northern District of California's pre-filing order, the Court declines to transfer this case to the Northern District of California, where venue would lie. See 28 U.S.C. § 1406.